**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1789-17T1

JOSEPH KAUFFMAN, JR., and
KRYSTAL KAUFFMAN, on
behalf of themselves and other
persons similarly situated,

      Plaintiffs-Respondents,

v.

NEW ENGLAND FITNESS
SOUTH, INC., d/b/a PLANET
FITNESS,

      Defendant-Appellant.

_____

Argued January 30, 2019 – Decided April 17, 2019

Before Judges Koblitz, Ostrer, and Currier.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3936-15.

Anthony R. Twardowski (Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, PC) of the Pennsylvania bar, admitted pro hac vice, argued the cause for appellant (Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, PC, and Anthony R. Twardowski, attorneys; Eitan D. Blanc and Anthony R. Twardowski, on the briefs).

Charles N. Riley argued the cause for respondents (Locks Law Firm, LLC, and Law Office of Charles N. Riley, LLC, attorneys; Michael A. Galpern, Andrew P. Bell, James A. Barry, and Charles N. Riley, on the brief).

PER CURIAM

Plaintiffs filed this putative class action, alleging an exculpatory clause in defendant's health club membership agreement violated the Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA), N.J.S.A. 56:12-14 to -18. The trial court granted summary judgment to plaintiffs, finding them to be aggrieved consumers under the TCCWNA, and certified a class. Following the grant of leave to appeal, the Supreme Court issued its decision in Spade v. Select Comfort Corp., 232 N.J. 504 (2018). In applying the Spade reasoning to plaintiffs, we find they are not aggrieved consumers under the TCCWNA. Therefore, we reverse the summary judgment and class certification orders.

Plaintiff Krystal Kauffman[1] entered into a membership agreement with defendant New England Fitness South, Inc., d/b/a Planet Fitness (defendant or

---

[1] Plaintiff Joseph Kauffman, Jr. accompanied his daughter, Krystal, on the day she joined Planet Fitness. He provided his bank account information from which the monthly membership fees were withdrawn. Although Joseph also signed the membership agreement, he was not a member of the club. We refer to them

Planet Fitness), to join its health club facility. The agreement contained an exculpatory clause releasing defendant from liability for any injury sustained while using the facility. Fifteen months later, Krystal cancelled her membership because of financial difficulties. She had used the health club ten times. During that time, she did not sustain any injury while using the equipment, the locker room facilities, or walking through defendant's parking lot. Therefore, the exculpatory clause was never invoked against her.

In their complaint, plaintiffs alleged defendant violated the TCCWNA, the Health Club Services Act (HCSA), N.J.S.A. 56:8-39 to -48, and the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20. The crux of the complaint alleged defendant's membership agreement violated the clearly established rights of plaintiffs and members of the putative class because it contained an overly broad exculpatory clause. Thereafter, plaintiffs moved to certify a class consisting of all people who signed a membership agreement with defendant during a seven-year timeframe.[2]

---

collectively as "plaintiffs" and use their first names for clarity and ease of the reader.

[2] Plaintiffs' first attempt to certify a class was denied. They subsequently narrowed the potential class to people who joined the club during a three-year period.

A-1789-17T1

Plaintiffs also moved for partial summary judgment as to liability on their TCCWNA claim and violations of the HCSA.[3] In turn, defendant filed a motion for partial summary judgment, claiming the exculpatory clause in the membership agreement did not violate a clearly established legal right as required under the TCCWNA. The trial judge found Krystal had standing to pursue her TCCWNA action because she signed the membership agreement and was subject to its terms, making her an aggrieved consumer within the meaning of the statute. However, because Joseph did not enter into a written contract with defendant for membership at the club, he was not an aggrieved consumer and, therefore, did not have standing to pursue a TCCWNA claim.

The judge also determined the exculpatory clause in the membership agreement violated a clearly established legal right under state law. He relied on Martinez-Santiago v. Pub. Storage, 38 F. Supp. 3d 500, 512-13 (D.N.J. 2014), to support his conclusion that "the responsibility of a seller was clearly established with regard to premises liability to business invitees." Orders were entered granting summary judgment to Krystal as to liability on her TCCWNA

---

[3] The parties subsequently agreed to dismiss the HCSA and CFA claims.

A-1789-17T1

claim, granting class certification, appointing Krystal as the class representative, and granting defendant's summary judgment motion as to Joseph's action.

We granted defendant leave to file an interlocutory appeal and stayed all further proceedings pending the Supreme Court's issuance of a decision in Spade. Following the April 16, 2018 Spade opinion, we lifted our stay, and with the guidance and clarification provided in the Supreme Court's ruling, we considered defendant's appeal.

The TCCWNA "was enacted in 1981 'to prevent deceptive practices in consumer contracts.'" Dugan v. TGI Fridays, Inc., 231 N.J. 24, 67-68 (2017) (quoting Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., 207 N.J. 428, 457 (2011)). The Legislature "did not recognize any new consumer rights [in the TCCWNA] but merely imposed an obligation on sellers to acknowledge clearly established consumer rights and provide[] remedies for posting or inserting provisions contrary to law." Dugan, 231 N.J. at 68 (quoting Shelton v. Restaurant.com, Inc., 214 N.J. 419, 432 (2013)). Upon a violation of the TCCWNA, the statute mandates an award of a civil penalty of not less than $100, damages, attorney's fees, and costs to an "aggrieved consumer." N.J.S.A. 56:12-17.

A plaintiff pursuing a TCCWNA claim must prove four elements: 1) defendant was a seller; 2) defendant offered, displayed, or entered into a written consumer contract; 3) at the time it was signed or displayed, "that writing contain[ed] a provision that violate[d] any clearly established legal right of a consumer or responsibility of a seller"; and 4) plaintiff is an "aggrieved consumer." Spade, 232 N.J. at 516 (citing N.J.S.A. 56:12-15, -17).

In Spade, the Supreme Court was asked to address two certified questions from the United States Court of Appeals for the Third Circuit relating to contracts of sale or sale orders for the delivery of household furniture. Id. at 508. The questions were:

> 1. Does a violation of the Furniture Delivery Regulations alone constitute a violation of a clearly established right or responsibility of the seller under the TCCWNA and thus provides a basis for relief under the TCCWNA?[4]
>
> 2. Is a consumer who receives a contract that does not comply with the Furniture Delivery Regulations, but has not suffered any adverse consequences from the noncompliance, an "aggrieved consumer" under the TCCWNA?
>
> [Id. at 508-09.]

---

[4] The Court answered this question affirmatively. Id. at 509.

A-1789-17T1

Because the issue for our consideration is whether Krystal, who suffered no adverse consequences from the exculpatory clause, is an aggrieved consumer under the TCCWNA, we begin with a discussion of question two.

The Court acknowledged that the TCCWNA does not specifically define what constituted an "aggrieved consumer" and that the Court had not "squarely address[ed]" the issue. Id. at 520. Therefore, the Third Circuit's request to define the term was an issue of first impression. Ibid. Nevertheless, the Court found "ample evidence of the Legislature's intent in the TCCWNA's plain language to resolve this question of statutory interpretation." Id. at 521.

The Court found the term "aggrieved" was significant, reasoning that if "'aggrieved consumer' were construed to mean nothing more than a 'consumer' to whom a contract or other writing is offered, given or displayed, the term 'aggrieved' would indeed be superfluous." Id. at 522. Therefore, the Court found the term "aggrieved" "distinguishes consumers who have suffered harm because of a violation of [the TCCWNA] from those who have merely been exposed to unlawful language in a contract or writing, to no effect." Ibid. A plaintiff alleging a violation of the TCCWNA, therefore, must demonstrate he or she is "a consumer who has suffered some form of harm as a result of the defendant's conduct." Ibid.

A-1789-17T1

The Court clarified that the harm incurred as a result of a defendant's conduct was not limited to "injury compensable by monetary damages." Id. at 523. It noted the TCCWNA contemplated "that a consumer may be entitled to a remedy notwithstanding the absence of proof of monetary damages." Ibid. See also N.J.S.A. 56:12-17. As an example, the Court stated: "If an untimely delivery and misleading 'no refunds' language leave a consumer without furniture needed for a family gathering, the consumer may be an 'aggrieved consumer' for purposes of N.J.S.A. 56:12-17." Id. at 523-24. But, the Court cautioned, a consumer must suffer an adverse consequence as a result of a contract's non-compliance with the particular regulation in order to sustain a claim under the TCCWNA. Id. at 524.

With the guidance of these legal principles, and considering the facts in the light most favorable to plaintiffs, we review the summary judgment orders. Our review is de novo, and we use the same standard employed by the trial court. Templo Fuente De Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

On appeal, Krystal argues she suffered "adverse consequences" as a result of the exculpatory clause in the membership agreement because she "has now taken on additional risks of harms and the costs associated thereto that . . . she heretofore did not have because they [lay] at common law with a premises owner like Planet Fitness." Therefore, Krystal maintains she is an aggrieved consumer. We disagree.

It is undisputed that Krystal did not suffer any physical harm while using defendant's facility. Although she claimed defendant did not maintain its parking lot properly in the winter, she did not slip or fall or suffer any adverse consequence from the alleged poor maintenance. Moreover, Krystal admitted at her deposition she had "no gripe with Planet Fitness." Rather, Krystal seeks damages and class certification because she signed a membership agreement that included an exculpatory clause.

In the aftermath of <u>Spade</u>, Krystal's assertions are not sufficient to deem her an "aggrieved consumer" under the TCCWNA. The exculpatory clause was never invoked against her. Her proofs do not establish she suffered any adverse consequences from executing the agreement. Rather, she fits the scenario of the consumer described by the Court in <u>Spade</u> who executed a contract that violated a clearly established legal right, but received its furniture on schedule and as

9

ordered. 232 N.J. at 523-24. That consumer, who incurred no monetary damages or adverse consequences suffered no harm and is not an aggrieved consumer. Id. at 524. Neither is Krystal.[5]

Because Krystal lacks standing under the TCCWNA, she cannot be the named representative of the proposed class. "It is well established that, in order to bring a class action lawsuit, the named representative must individually have standing to bring their claims." Rosen v. Cont'l Airlines, Inc., 430 N.J. Super. 97, 107 (App. Div. 2013) (citing R. 4:32-1(a)). Without standing, plaintiffs' "putative class action is improper, because plaintiff [herself] lacks standing as a member of the putative class." Ibid.

We reverse the orders granting summary judgment to plaintiff and class certification. We remand for the trial court to enter judgment in favor of defendant.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] Because of our determination that Krystal is not an aggrieved consumer and therefore lacks standing to bring a TCCWNA claim, we do not address the issue of whether the exculpatory clause violated a clearly established legal right.

A-1789-17T1